UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

ANTHONY JOHN FOX,

            Plaintiff,

  - against –

1051 MORRIS PARK REALTY, LLC, and
1051 MORRIS PARK PIZZA CORP.,

            Defendants.

Case No.: 16 Civ. 09582 (PKC)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/2/17
```

## SO ORDERED STIPULATION OF SETTLEMENT

THIS STIPULATION OF SETTLEMENT ("Stipulation") is entered into by and between

ANTHONY JOHN FOX ("Plaintiff"), on the one hand, and 1051 MORRIS PARK REALTY, LLC

("Morris Realty") and 1051 MORRIS PARK PIZZA CORP. "Morris Pizza") (Defendant Morris

Realty and Defendant Morris Pizza, collectively "Defendants"), on the other hand.

IT IS HEREBY stipulated and agreed by and between Plaintiff and Defendants as follows:

WHEREAS, Plaintiff filed this action against Defendants for alleged violations of Title III of

the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "Action") pursuant to which

Plaintiff sought a permanent injunction and attorneys' and expert's fees, expenses and costs;

WHEREAS, Defendants do not admit, and expressly deny, a violation of any federal, state or

local statute (including but not limited to the ADA), and state or municipal fire safety or building

code, or any other wrongdoing or liability whatsoever;

WHEREAS, Plaintiff and Defendants have agreed to a settlement of this Action;

WHEREAS, the aforementioned parties desire to avoid further expense, time, effort and

Case 1:16-cv-09582-PKC  Document 29  Filed 04/24/17  Page 2 of 13

uncertainty in regard to this Action;

WHEREAS, it is the intent of the parties to improve access to the facility known as Emilio's of Morris Park, located at or about 1051 Morris Park Avenue, Bronx, New York 10461 (the "Facility") for persons with disabilities, and to set standards for future construction in a manner that satisfies Defendants' obligations under the laws governing physical access features for persons with disabilities at public accommodations, including but not limited to its obligations under the ADA; and

NOW, THEREFORE, in consideration of the premises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following terms and conditions as full and complete settlement of this Action:

<u>ADA ACCESSIBILITY AND BARRIER REMOVAL</u>

1.      Plaintiff alleges in the Complaint filed in this Action on or about December 12, 2016, ECF Document 1 (the "Complaint") that certain physical barriers to access allegedly exist at the Facility that allegedly restrict and/or limit Plaintiff's access to the Facility. The Defendants deny these and all other allegations of the Complaint which allege that the Facility is not complaint with the ADA or any other federal, state or city rule, law or regulation. In response to and in full settlement of the allegations contained in Plaintiff's Complaint and all other allegations that Plaintiff has brought or could have brought in this Action with respect to this Facility, Defendants shall cause the following barriers to be removed and alterations and modifications to be made to the Facility [1]:

---

[1] For the purposes of this Stipulation of Settlement, the term "ADAAG" refers to the ADA Accessibility Guidelines, 28 C.F.R. Pt. 36, App. A. Furthermore, for the purposes of this Stipulation for Settlement, the term "accessible" shall be defined to mean accessible to persons with a disability.

A.      In the Complaint filed in this Action, Plaintiff detailed the alleged barriers to access and relevant ADA standards allegedly governing the removal of said alleged barriers to access.

B.      Defendants agree to provide a portable ramp at the entrance to the Facility located on Morris Park Avenue (hereinafter the "Ramp"). To clarify, the Ramp will not be placed at the entrance located closest to the intersection of Morris Park Avenue and Hone Avenue. Rather, it will be installed at the other entrance on Morris Park Avenue. The Ramp provided shall comply in all respects with the ADA 2010 Standards.

C.      Defendants shall maintain said Ramp in operable condition, and in compliance with the terms of this Stipulation, or required to be in compliance with the ADA, save only reasonable interruptions for repair or replacement, or in order to comply with any directive of any federal, state or local court or administrative body or officer.

2.      The parties hereto acknowledge and stipulate that the Ramp agreed to in this Stipulation constitutes, pursuant to and for the purposes of Title III of the ADA, its implementing regulations, and Standards, readily achievable and technically feasible measures for the removal of existing exterior architectural barriers to access at the Facility.

3.      Plaintiff makes no representations or guarantees regarding the Ramp or any changes of any kind whatsoever, as to whether the aforementioned comply with the ADA, State Statutes, building construction standards, county or city regulations or codes, or any other statute, act, law, rule, regulation, code, standard or state or local governing body whatsoever. Defendants have agreed to make such changes herein in its sole discretion and in total reliance on its own design professionals' counseling and advice and in order to comply with the terms of this Stipulation.

4.      The Ramp required hereby shall be completed as follows: (1) Defendants shall apply

for any required permits within 30 days of the Court's dismissal of this Action; and (2) Defendants

shall provide the portable ramp within 60 days of receipt of any required permits. Defendants shall

apply for and pursue permitting in good faith. The time period for completion by Defendants shall be

subject to acts of God, *force majeure*, or events beyond the control of Defendants such as inability to

obtain building or zoning permits, failure of the city/ county inspectors to make inspections,

contractor defaults or work stoppages.  In the event of such unforeseen circumstances, the time

period for completion of the Ramp provided in Paragraph 1 will be extended by the number of days

reasonably attributable to such delay-causing event as long as Defendants promptly provide written

notice by certified or registered mail to Plaintiff's counsel, Todd W. Shulby, Esq., 1792 Bell Tower

Lane, Weston, Florida 33326, of the delay, the specific reasons therefore, the estimated time for

completion and makes a good faith effort to effect implementation as soon as reasonably possible

thereafter.

5.      All future new construction or alterations to the Facility (which shall not include the

alterations and modifications provided for herein) shall comply with Title III of the ADA and the

implementing regulations and standards in effect at the time of the new construction or alterations.

### RIGHT OF INSPECTION

6.      Upon the completion of the Ramp requirements set forth in Paragraph 1, Defendants

shall provide written notice by certified or registered mail to Plaintiff's counsel, Todd W. Shulby,

Esq., 1792 Bell Tower Lane, Weston, Florida 33326, of such completion and shall afford Plaintiff

and Plaintiff's representatives reasonable access to the Facility to verify completion of the work

required hereby.  Nothing herein shall be construed to restrict or limit Plaintiff and/or Plaintiff's

representatives from otherwise visiting or accessing the Facility. In the event that Plaintiff objects to

the installation of the Ramp as being non-compliant with the terms of this Stipulation , Plaintiff shall have ninety (90) days from the date such notice of completion is sent to Plaintiff's counsel to provide Defendants with a written objection to the installation of the Ramp (the "Written Notice"). The Written Notice shall specify the reasons for the objection and/or non-compliance, and shall be sent to counsel for the Defendants, to wit: Janice Berkowitz, Esq., Ahmuty, Demers & McManus, 200 I.U. Willets Road, Albertson, NY 11507 and Richard P. Romeo, Esq., Salon Marrow Dyckman Newman & Broudy, LLP, 292 Madison Avenue, 6th Floor, New York, NY 10017 via certified mail, return receipt requested. If Plaintiff shall not provide any Written Notice to Defendants in the time period and in the manner set forth herein, then in such case, Plaintiff will have waived any claims with respect to the Ramp, and whether same was constructed and installed in compliance with the terms of this Stipulation.

## ENFORCEMENT PROVISIONS/ COMPENSATORY DAMAGES

7.      In the event the Ramp required hereby is not timely completed in all respects, Plaintiff shall be entitled to enforce this Stipulation and obtain injunctive relief pursuant to 42 U.S.C. §12188.

8.      Plaintiff and Defendants agree that the Ramp set forth in Paragraph 1 will benefit Plaintiff by providing access to the Facility.

9.      The Parties agree that this Stipulation shall be binding upon and inure to the benefit of the parties hereto, and their successors, including any successor owners, operators, lessors or lessees of the Facility. In any transfer of interest or ownership of the Facility, Defendants shall notify such person taking interest or ownership of this Stipulation for Settlement.

10.      In any action to enforce this Stipulation, the prevailing party shall be entitled to their reasonable fees, expenses and costs in accordance with 42 U.S.C. §12205 and applicable law.

## PLAINTIFF'S MONETARY RELIEF, ATTORNEY'S

### FEES, LITIGATION EXPENSES AND COSTS

11.     Defendants, jointly and severally, shall pay Six Thousand Five Hundred Dollars ($6,500.00) ("Settlement Amount") to the Trust Account of Todd W. Shulby, P.A. for all monetary claims pertaining in any way to this Action, including, but not limited to, all damages, reasonable fees, expenses and costs incurred by Plaintiff, Plaintiff's counsel, and Plaintiff's ADA consultant and/or investigator in this matter, except as set forth in Paragraph 10. Defendants agree to keep the Settlement Amount strictly confidential and shall not disclose the Settlement Amount to third parties. Notwithstanding anything to the contrary contained herein, Defendants shall be permitted to disclose the Settlement Amount to its attorneys, accountants, financial advisors, insurance agents, insurance companies, or whenever necessary to assert or protect the rights of Defendants. Payment shall be delivered to Todd W. Shulby, Esq., Todd. W. Shulby, P.A., 1792 Bell Tower Lane, Weston, Florida 33326,within twenty-one (21) days after this Stipulation is so ordered by the Court. This payment represents full and complete payment for all of Plaintiff's and their attorneys and ADA consultant's and/or investigator's claims for monetary relief which were raised or could have been raised in this Action in settlement of this Action. Defendants shall have no role, responsibility, liability or interest regarding how the settlement amount is to be divided among Plaintiff, Plaintiff's attorneys, Plaintiff's ADA consultant and/or investigator, or other persons with claims to said settlement amount. Defendants shall bear their own attorney's fees, litigation expenses and costs pertaining to this Action.

### NON-DISPARAGEMENT

12.     The parties agree that they will not make any disparaging, denigrating, demeaning or untrue statements about the other party or any person associated with the other party, including any

officer, director, member, consultant, expert, or legal representative of the other party with respect to any of the issues raised, or which could have been raised in the above-captioned Action.

NON-DISCRIMINATION/ RETALIATION

13.     Defendants agree that they, their agents, and employees will not discriminate against any individual because that individual has opposed any act or practice made unlawful by the ADA, or because any individual has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing regarding this matter or under the ADA, nor will Defendants coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of, his or her having exercised or enjoyed, or on account of, his or her aid or encouragement of any other individual in the exercise or enjoyment of, any right granted or protected by the ADA, in compliance with the mandates of 28 C.F.R. Section 36.206 thereof.

RELEASE OF CLAIMS

14.     In exchange for the consideration provided by the Defendants under this Stipulation, Plaintiff, for himself/herself and his/her heirs, executors, administrators and assigns (collectively the "Releasor") forever waives, releases and discharges the Defendants, Morris Realty and Morris Pizza, a/k/a Emilio's of Morris Park, and Lancer Indemnity Company and Lancer Insurance Company, as well as any other insureds of the Defendants, and all of their respective successors and assigns, all past and present officers, directors, shareholders, members, owners, managers, employees and agents, and any fiduciaries of any employee benefit plan or policy of any of these persons or entities (all of the above both personally in their individual capacity and in their capacity as a representative or agent of any of these persons or entities) (collectively, "Releasees"), from any and all claims, demands, causes of action, fees and liabilities and expenses (inclusive of attorneys' fees) of any kind

whatsoever, whether known or unknown, which Plaintiff ever had or now has against Releasees by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter up to and including the date of this Stipulation pertaining to the Facility, including, but not limited to, any and all claims pursuant to Title III of the ADA pertaining to the Facility (and any other federal, state or local law governing physical access features for persons with disabilities at public accommodations), including any claims for injunctive relief and damages allegedly resulting from the alleged non-compliance of the Facility, such as the claims that were asserted, or could have been asserted, in the above-captioned Action, *provided that*, this release shall in no way limit Plaintiff's or the Court's ability to monitor and enforce Defendants' compliance with the terms of this Stipulation. Nothing herein should be construed as a waiver or release of any claim Plaintiff may have against any property or facility other than the subject Facility. Defendants hereby release, acquit, remise and forever discharge Plaintiff from any and all claims, causes, damages, demands, liabilities, equities and any and all other claims, whether known or unknown, from the beginning of the world to the date of this Stipulation, pertaining to the Facility, including the claims and/or defenses asserted, or which could have been asserted, in the above captioned Action. This release does not limit any party's ability to enforce another party's compliance with the terms of this Stipulation.

15.     The Parties agree to file a stipulation for dismissal of this Action, with prejudice, with the Court to retain jurisdiction to enforce this Stipulation. The stipulation for dismissal shall be filed after each of the Parties have executed this Stipulation and after Defendants have satisfied the Settlement Amount agreed by the parties, and all other conditions precedent have been met or waived by written agreement of the Parties.

## TIME FOR COMPLIANCE

16.     The parties further agree that in accordance with the provisions of Paragraph 4 of this Stipulation, and understanding that Defendants will be relying on non-parties, including, but not limited to, government employees to complete the Ramp, Defendants shall have a reasonable time to complete the Ramp and that Defendants shall proceed to complete the Ramp in good faith and any breach of the time limitations set forth in this Stipulation shall be deemed a material breach.

## ENTIRE UNDERSTANDING

17.     This Stipulation constitutes the entire understanding and agreement of the parties and supersedes all prior or contemporaneous negotiations or agreements (written or oral) and cannot be modified, amended or revoked except by the express written consent of all parties. You agree that you should seek separate guidance or advice regarding the impact of this Stipulation on other interests you may have.  If you have any questions on such issues, you should consult with an attorney, accountant or other person who specializes in those issues. Each Party has been advised to seek the advice of a Certified Public Accountant or other tax advisor to insure and review the Stipulation and to advise each Party concerning how all of the terms and conditions set forth therein may affect their future tax liabilities.  The Parties hereto hereby acknowledge and agree that each has had the opportunity to retain its, his or her own Certified Public Accountants, tax advisor or tax attorney with reference to the tax implications of this Stipulation.  Further, the Parties hereby acknowledge that that have not relied upon the tax implications of this Stipulation.  Further, the Parties acknowledge and agree that their signatures to this Stipulation serve as the acknowledgment that they have read this particular paragraph and that they have had the opportunity to seek independent advice.  All Parties acknowledge that its, his or her attorney provided them no tax

advice and they have not relied on any representations of their lawyer in providing tax advice.

## SEVERABILITY

18.     If any provision of this Stipulation or any part of any provision of this Stipulation is found to be invalid by a court of competent jurisdiction, such shall not affect the validity of any other provision/s or part/s of this Stipulation.

## CONSTRUCTION/ AMBIGUITIES

19.     The parties acknowledge that each party has reviewed and revised this Stipulation and that the normal rule of construction to the effect that any ambiguities are to resolved against the drafting party shall not be employed in its interpretation.

## WAIVER

20.     The failure of any party to assert any of its rights hereunder shall not constitute a waiver of such rights.

## EXECUTION

21.     The parties have read and understood the preceding Stipulation, have had the opportunity to discuss same with legal counsel, and have voluntarily agreed to sign the Stipulation and agree to be bound thereby.

22.     Each person executing this Stipulation on each party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of the Stipulation.

23.     The parties agree that this Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument. The Parties agree that they may exchange signatures to the Stipulation by facsimile and or electronically (e.g. scanned PDF copy of signature) and same shall constitute an original signature.

SMD 278121.2                            10

PLAINTIFF:                                                DEFENDANTS:

ANTHONY JOHN FOX                                          1051 MORRIS PARK REALTY, LLC

ANTHONY JOHN FOX                                          By:

                                                          Print Name: Ricardo DiNardo


                                                          1051 MORRIS PARK PIZZA CORP.

*Case is closed and*
*all motions are*                                         By:
*terminated*
                                                          Print Name: Ricardo DiNardo

So Ordered:


Kevin P. Castel, U.S.D.J.                                 6 - 2 17
                                                          _____
                                                                Date

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _Bronx_        )

On April 24, 2017 before me, the undersigned, personally appeared  Anthony John Fox who resides at 489 E 183rd Street Apt. 3 H , Bronx, New York, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

```
FANNY RAQUEL GOMEZ
Notary Public - State of New York
NO. 01G06219698
Qualified in Bronx County
My Commission Expires Mar 29, 2018
```

(signature and office of individual taking acknowledgment)


STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _____          )

On April 27, 2017 before me, the undersigned, personally appeared Ricardo DiNardo, on behalf of 1051 Morris Park Realty, LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

(signature and office of individual taking acknowledgment)

```
LYNN SWIECICKI
Notary Public - State of New York
NO. 01SW6258841
Qualified in Bronx County
My Commission Expires Apr 2, 2020
```

SMD:278121.2                                                    12

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____  )

On April _____, 2017 before me, the undersigned, personally appeared **Ricardo DiNardo,** on
**behalf of 1051 Morris Park Pizza Corp.,** personally known to me or proved to me on the basis
of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their
capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the
person upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

LYNN SWIECICKI
Notary Public - State of New York
NO. 01SW6258841
Qualified in Bronx County
My Commission Expires Apr 2, 2020